**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Shalanda Ballard,

Plaintiff,

v.

Pactiv LLC,

Defendant.

Civ. No. 25-2822 (JWB/EMB)

**ORDER ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT TESTIMONY**

---

Based on the record, the parties' submissions, the arguments of counsel, and for the reasons stated on the record at the October 2, 2026 hearing, **IT IS HEREBY ORDERED** as follows:

1. Defendant Pactiv LLC's Motion for Summary Judgment (Doc. No. 34) is **DENIED**. Plaintiff's claims for race discrimination in compensation under the Minnesota Human Rights Act and reprisal under the Minnesota Human Rights Act will proceed to trial.

2. Defendant's Motion to Exclude Certain Opinions and Testimony of Dr. Justin King (Doc. No. 59) is **GRANTED IN PART** and **DENIED IN PART** consistent with the reasons stated on the record and subject to the following limitations.

Dr. King may not opine that Plaintiff conducted a "diligent and thorough" job search or otherwise offer an expert conclusion regarding the adequacy of Plaintiff's mitigation efforts. This ruling does not preclude Plaintiff from presenting otherwise admissible evidence concerning her job-search efforts or mitigation.

Dr. King may not offer a case-specific causal opinion that Plaintiff's termination

from Pactiv, this litigation, or the circumstances surrounding either caused any particular prospective employer not to hire Plaintiff or substantially impaired Plaintiff's employability. Dr. King may, subject to an adequate foundation, offer vocational testimony concerning considerations that may affect employability generally, including employment gaps, termination history, employment restrictions, and similar vocational factors. He may not apply those general principles to conclude that Pactiv's termination, this litigation, or allegations concerning confidential information actually caused a particular employment decision unless an adequate factual foundation is established outside his own assumptions.

Dr. King's labor-market testimony is limited to what his research reliably supports. Subject to an adequate foundation, he may testify concerning what his 2026 labor-market research showed when that research was conducted. He may not use that research as expert proof of labor-market conditions or job availability in 2023, 2024, or 2025 unless a reliable foundation is established for doing so.

Dr. King may not offer clinical psychological opinions. He may not diagnose Plaintiff with a psychological condition, testify that Plaintiff suffered a clinical psychological injury or impairment, or rely on an untested psychological condition as a causal explanation for Plaintiff's present earning capacity. He may consider Plaintiff's self-reported career preferences, goals, and experiences to the extent they properly bear on a vocational assessment.

Dr. King may address earning capacity and may perform calculations using compensation figures and assumptions otherwise supported by admissible evidence. He

may not, however, use his expert status to establish unsupported assumptions concerning how long Plaintiff would have remained employed by Pactiv, the compensation she would have received through retirement, whether her present earnings represent her permanent residual earning capacity, or whether Pactiv's conduct caused particular subsequent employment outcomes. Any future-loss calculation must rest on assumptions independently supported by admissible evidence and may not be presented as an expert-established fact merely because Dr. King performed the arithmetic.

Nothing in this Order precludes Plaintiff from offering otherwise admissible evidence concerning past wage loss, mitigation, future earning capacity, or future economic loss supported by an adequate evidentiary foundation.

The Rule 702 ruling is without prejudice to specific objections at trial based on foundation, relevance, Federal Rule of Evidence 403, or the scope of the testimony actually elicited.

**IT IS FURTHER ORDERED** that:

The parties shall contact Magistrate Judge Elsa M. Bullard's chambers by 5:00 p.m., Tuesday, **October 6, 2026**, to schedule mediation at a mutually agreeable date, and to occur no later than **October 31, 2026**. Each party must participate in the mediation with full settlement authority, unless otherwise directed by Judge Bullard.

Date: October 5, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge